UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GREEN ENCHILADA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMGUARD INSURANCE COMPANY, et al., <br><br> Defendants. | Case No.  25-cv-03701-HSG <br><br> **ORDER DENYING MOTION TO REMAND** <br><br> Re: Dkt. No. 14 |

Pending before the Court is Plaintiff the Green Enchilada, Inc's motion to remand.  Dkt. No. 14 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  The Court DENIES the motion.

**I.  BACKGROUND**

Plaintiff is a restaurant that operates in Pacifica, California.  *See* Dkt. No. 1-1 ("Compl.") at ¶ 4.  In February 2023, Plaintiff's restaurant suffered damage after a fire broke out at a neighboring business.  *Id.* at ¶ 5.  Plaintiff alleges that it submitted an insurance claim to Defendants, but they "failed to pay and continue to fail to pay for the losses." *Id.* at ¶ 9.  Based on this dispute, Plaintiff brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  *See id.* at 5–8.

Defendant AmGUARD removed this action in April 2025 on the basis of diversity jurisdiction, as it is domiciled in Pennsylvania and the amount in controversy exceeds $75,000. *See* Dkt. No. 1 at ¶¶ 7–18.  As indicated in the notice of removal, Defendant Berkshire Hathaway GUARD ("BH GUARD") is not a legal entity: it is a tradename used by various companies.  *See id.* at ¶ 10.

## II. REQUEST FOR JUDICIAL NOTICE

To support its arguments, Plaintiff requests judicial notice of two exhibits. The first is a single page document purporting to reflect a portion of BH GUARD's website. The second is a termination notice filed by WestGUARD Insurance Company with the California Secretary of State. Defendant does not oppose Plaintiff's request.

Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact "not subject to reasonable dispute" because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may therefore take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Websites and their contents may also be proper subjects for judicial notice. *See Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases); *Wible v. Aetna Life Ins. Co.*, 374 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (recognizing that "websites and their contents may be proper subjects for judicial notice" where party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice").

Because Exhibit 2 is a matter of public record and because Plaintiff's request is unopposed, the Court GRANTS Plaintiff's request as to this exhibit. On the other hand, Plaintiff's characterization of Exhibit 1 appears, at most, only partially true. The exhibit does not include a URL address, nor any header or logo to indicate that it accurately reflects BH GUARD's website. Even more problematic, however, is that the bottom half of the exhibit appears to reflect the results of a Google search for "West Guard Insurance Agency," not any portion of BH GUARD's website. Because the Court finds that Exhibit 1 cannot be "accurately and readily determined from sources whose accuracy cannot be questioned," it DENIES Plaintiff's request for judicial notice as to this Exhibit.[1]

---

[1] Even assuming, *arguendo*, that Exhibit 1 accurately reflects the Google results for West Guard Insurance Agency, as discussed below, that entity is wholly separate from WestGUARD Insurance Company. It is therefore immaterial that West Guard Insurance Agency may have its principal place of business in California.

2

### III. LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C § 1441; *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction."). Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *See id.* at 566–67.

### IV. DISCUSSION

Plaintiff argues that the case must be remanded for lack of complete diversity. The crux of Plaintiff's argument is that WESTGUARD Insurance Company, an affiliate of Defendant BH GUARD, is in fact a company with its principal place of business in California, and therefore there is not complete diversity among the parties. Plaintiff states that Defendant BH GUARD "has a website that states that it is the trade name for WESTGUARD Insurance Company." Dkt. No. 14 at 5. Plaintiff contends that even though WestGUARD Insurance Company is a "terminated company in California" according to the California Secretary of State's website, it has its principal location in California. *Id.* Plaintiff argues that removal was therefore inappropriate. *Id.* at 6. Additionally, Plaintiff argues that remand is appropriate because "AMGUARD cannot meet its burden of diversity" because it is linked to WestGUARD under the BH GUARD trade name. *Id.* at 8.

The Court finds these arguments obviously flawed. Plaintiff's arguments rest on the assumption that WestGUARD Insurance Company and West Guard Insurance Agency are the

3

same entity. They are not.[2] The Court therefore finds that West Guard Insurance Agency's operations in California are immaterial to its analysis. In any event, as Defendant points out, Plaintiff's claims arise out of its contract with AmGUARD, not WestGUARD. *See* Dkt. No. 1-1. And assuming that WestGUARD were somehow implicated in this dispute, the Court finds that Exhibit 2 indicates not only that WestGUARD is incorporated in Pennsylvania, but also that it surrendered the right to transact interstate business in California in 2014. *See* Dkt. No. 14 at 14. The Court also finds Plaintiff's reliance on *Boghozian v. Jaguar Land Rover North America, LLC* misplaced. There, the Court remanded where the defendant had not adequately alleged its member's citizenship. *See Boghozian*, 2019 WL 1925491, at * 1 (C.D. Cal. Apr. 29, 2019). Here, however, Defendant AmGUARD has adequately alleged that its own citizenship and that of its affiliates is in Pennsylvania, and that BH GUARD is a trade name and not a legal entity. *See* Dkt. No. 16-1 ("McKeon Decl.") at ¶¶ 6–9. Additionally, the parties do not dispute that the amount in controversy exceeds $75,000. The Court accordingly finds that remand is plainly unwarranted.

## V.      CONCLUSION

The Court DENIES the motion to remand, Dkt. No. 14. The Court further SETS a case management conference on November 18, 2025, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further DIRECTED to file a joint case management statement by November 11, 2025.

**IT IS SO ORDERED.**

Dated: 10/24/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Plaintiff did not file a reply brief to Defendant's opposition, which points out the distinction between the two entities.

4